Zachary A. Carroll, Bar No. 260916
**LAW OFFICES OF ZACHARY A. CARROLL**
1260 N. Dutton Avenue, Suite 120
Santa Rosa, Ca 95401
Phone: (707) 284-1189
Fax: (707) 523-3113

Attorney for Debtors
CATHERINE DIANE MILLER and KENNETH GERALD STOCKS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
(SANTA ROSA DIVISION)

| | |
|---|---|
| In Re | Case No. 12-11258 |
| | Chapter 13 |
| CATHERINE DIANE MILLER and KENNETH GERALD STOCKS, | |
| Debtors. | |
| CATHERINE DIANE MILLER and KENNETH GERALD STOCKS | A.P. No. 12-01159 |
| Plaintiffs, | **STIPULATION FOR ENTRY OF JUDGMENT AS TO DEFENDANT** |
| v. | |
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, SUCCESSOR BY MERGER WITH DEEPGREEN BANK | |
| Defendant. | |

This Stipulation is entered into by and between Debtor/Plaintiffs, CATHERINE DIANE MILLER and KENNETH GERALD STOCKS by and through their attorney of record, Zachary A. Carroll, and Defendant THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, SUCCESSOR BY MERGER WITH DEEPGREEN BANK, by and through its attorney of record, Raymond F. Moats, III, as follows:

A. Debtor is the maker of a note in favor of Defendant/Creditor which is secured by a Second Deed of Trust encumbering 13101 North Highway 1, Mendocino, CA, 95460, (the "Subject Property"). The legal description of the Subject Property is as follows:

LEGAL DESCRIPTION

PARCEL ONE:

ALL THAT CERTAIN REAL PROPERTY SITUATE IN THE COUNTY OF MENDOCINO, STATE OF CALIFORNIA, BEING A PORTION OF SECTION 18, TOWNSHIP 17 NORTH, RANGE 17 WEST, MOUNT DIABLO BASE AND MERIDIAN DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF PARCEL 2 AS SHOWN ON THAT PARCEL MAP RECORDED IN MAP CASE 2, DRAWER 45, PAGE 86, MENDOCINO COUNTY RECORDS; THENCE NORTH 65 DEGREES 06' 31" EAST, 1441.70 FEET; THENCE SOUTH 10 DEGREES 26' 05" EAST, 729.08 FEET; THENCE SOUTH 64 DEGREE 56' 24" WEST, 1384.88 FEET; THENCE NORTH 74 DEGREES 37'56" WEST, 57.14 FEET TO A 3/4 INCH REBAR TAGGED L.S. 3184 ON THE EAST LINE OF STATE HIGHWAY ONE; THENCE ALONG SAID EAST LINE NORTH 14 DEGREES 56' 51" WEST, 58.34 FEET TO A 3/4 INCH REBAR TAGGED L.S. 3184; THENCE CONTINUING ALONG SAID EAST LINE NORTH 10 DEGREES 26' 05" WEST, 635.82 FEET TO THE POINT OF BEGINNING.

PARCEL TWO:

"A 60 FOOT WIDE NON-EXCLUSIVE ROADWAY AND PUBLIC UTILITY EASEMENT LYING 30 FEET ON EACH SIDE OF, ADJACENT TO AND PARALLEL WITH THE FOLLOWING DESCRIBED CENTERLINE:

COMMENCING AT THE SOUTHWEST CORNER OF PARCEL 1 OF THAT PARCEL MAP RECORDED DECEMBER 19, 1973 IN MAP CASE 2, DRAWER 23, PAGE 24, MENDOCINO COUNTY RECORDS; THENCE NORTH 64 DEGREES 56' 24" EAST, 100.00 FEET; THENCE SOUTH 25 DEGREES 03' 36" EAST, 30.00 FEET TO THE TRUE POINT OF BEGINNING AND THE CENTERLINE OF SAID 60 FOOT WIDE EASEMENT; THENCE ALONG SAID CENTERLINE THE FOLLOWING COURSES: SOUTH 64 DEGREES 56' 24" WEST, 229.62 FEET; THENCE ALONG A CURVE TO THE LEFT HAVING A RADIUS OF 100.00 FEET A CENTRAL ANGLE OF 88 DEGREES 38' 19", AN ARC LENGTH OF 154.41 FEET; THENCE SOUTH 23 DEGREES 31' 55" EAST, 5.00 FEET; THENCE ALONG A CURVE TO THE RIGHT HAVING A RADIUS OF 100.00 FEET, A CENTRAL ANGLE OF 94 DEGREES 00' 51", AN ARC LENGTH OF 164.09 FEET; THENCE SOUTH 70 DEGREES 28' 56" WEST, 463.28 FEET; THENCE ALONG A CURVE TO THE RIGHT HAVING A RADIUS OF 100.00 FEET, A CENTRAL ANGLE OF 68 DEGREES 10' 05", AN ARC LENGTH OF 118.98 FEET; THENCE NORTH 41 DEGREES 20' 59" WEST, 50.79 FEET; THENCE ALONG A CURVE TO THE LEFT HAVING A RADIUS OF 100.00 FEET, A CENTRAL ANGLE OF 42 DEGREES 29' 36", AN ARC LENGTH OF 74.16 FEET TO A POINT ON THE EAST LINE OF STATE HIGHWAY ONE RIGHT OF WAY."

APN No: 118-210-22.

B. The Second Deed of Trust was recorded with the Mendocino County Recorder's Office on September 21, 2001, and is recorded as document number 2001-18597 (the "Second Lien").

///

C. On September 11, 2012, Debtor filed a Complaint to Determine Validity, Priority, and Extent of Lien and for Avoidance of Lien on Real Property against Defendant/Creditor.

**THE PARTIES HEREBY STIPULATE TO RESOLVE THE ADVERSARY ACTION AS FOLLOWS:**

1. Defendant's Second Lien on the Subject Property is deemed be a wholly unsecured claim. Additionally, as Debtor's personal liability on Defendant's Second Lien was discharged in Debtors' earlier Chapter 7 case (08-10489), Defendant will not be paid a pro-rata share of the dividend to unsecured creditors.

2. Defendant's Second Lien shall be retained until Chapter 13 discharge, at which time the Defendant shall file and record a Release and have no right, title, or interest in the Subject Property arising from their Second Lien.

3. In the event that the Debtors refinance the loan on the Subject Property or the sale of the Subject Property prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge, then Defendant's second mortgage will be paid in full at closing.

4. In the event that the Chapter 13 case is dismissed or converted to a case under Chapter 7 under the Code, this Stipulation and Order avoiding the Second Lien shall be null and void, without effect.

5. It is further ordered that each party shall be responsible for their own costs and attorney's fees.

6. In the event the Subject Property is destroyed or damaged prior to the entry of a discharge order, and the amount of damage to the Subject Property is greater than the then existing balance on the first mortgage secured by the premises, that pursuant to the mortgage, Defendant is entitled to its full rights and compensation as loss payee with respect to any

1 insurance proceeds, up to the entire balance due on the underlying obligation at the time of the

2 loss.

3     IT IS SO STIPULATED

4 Dated: December 19, 2012     /s/ *Zachary A. Carroll*
    Zachary A. Carroll
5     Attorney for Plaintiffs

6 Dated: December 19, 2012     /s/ *Raymond F. Moats, III*
    Raymond F. Moats, III.
7     Weltman, Weinberg & Reis Co., L.P.A.
    Attorney for Defendant